CLAUDIA G. SILVA, County Counsel (SBN 167868)
By: ROBERT A. ORTIZ, Senior Deputy (SBN 246849)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531-4895
E-mail: Robert.Ortiz@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCEDES CERVANTES, | No. 25CV0275-H-JLB |
| Plaintiff, | **DEFENDANT COUNTY OF SAN DIEGO'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| COUNTY OF SAN DIEGO, and DOES 1-40, inclusive, | |
| Defendant. | District Judge:     Marilyn L. Huff<br>Magistrate Judge: Jill L. Burkhardt |

Defendant County of San Diego ("Defendant" or "County") requests a jury trial and answers Plaintiff Mercedes Cervantes ("Plaintiff") Complaint (ECF No. 1) as follows:

## PARTIES

1.      In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff was a probationary employee of Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth regarding Plaintiff's residency status. The remaining portion of the paragraph consists of statements of law, arguments, or legal conclusions requiring no response.  To the extent any additional facts are alleged in the paragraph, Defendant denies, generally and specifically, all such allegations.

25CV0275-H-JLB

2.     In response to paragraph 2 of the Complaint, the paragraph consists of statements of law, arguments, or legal conclusions requiring no response.  To the extent any facts are alleged in the paragraph, Defendant denies, generally and specifically, all such allegations.

3.     In response to paragraphs 3 through 5 of the Complaint, the paragraphs contain allegations regarding DOE defendants, which require no response from Defendant.  To the extent any facts are alleged in the paragraph, Defendant denies, generally and specifically, all such allegations.

JURISDICTION AND VENUE

4.     In response to paragraphs 8 and 9 of the Complaint, Defendant admits that the Southern District of California is the proper venue for this matter.  The remaining allegations are statements of law, arguments, or legal conclusions requiring no response. To the extent any facts are alleged in the paragraphs, Defendant denies, generally and specifically, all such allegations.

GENERAL ALLEGATIONS

5.     In response to paragraph 9 of the Complaint, Defendant admits it employed Plaintiff as a probationary employee with the job title of residential care worker supervisor.  Defendant admits that Plaintiff was assigned to the Polinsky Children's Center.  As to the remaining allegations contained within or inferred, Defendant denies, generally and specifically, all such allegations.

6.     In response to paragraphs 10 through 14 of the Complaint, the paragraphs contain statements of law, arguments, or legal conclusions requiring no response.  To the extent any facts are alleged in the paragraphs, Defendant denies, generally and specifically, all such allegations.

7.     In response to paragraphs 15 through 25 of the Complaint, Defendant denies, generally and specifically, all such allegations.

/ / /

/ / /

25CV0275-H-JLB

COLLECTIVE ACTION ALLEGATIONS

8.    In response to paragraphs 15 through 25 of the Complaint, the paragraphs contain statements of law, arguments, or legal conclusions requiring no response from Defendant.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and Defendant denies, generally and specifically, all such allegations.

CLASS ACTION ALLEGATIONS

9.    In response to paragraphs 29 through 39 of the Complaint, the paragraphs contain statements of law, arguments, or legal conclusions requiring no response from Defendant.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and Defendant denies, generally and specifically, all such allegations.

FIRST CLAIM

10.    In response to paragraph 40 of the Complaint, Defendant re-alleges and incorporates by reference its responses to paragraphs 1 through 39 above as though each were re-alleged in full.

11.    In response to paragraphs 41 through 47 of the Complaint, the paragraphs contain statements of law, arguments, or legal conclusions requiring no response from Defendant.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations, and Defendant denies, generally and specifically, all such allegations.

PRAYER FOR RELIEF

12.    In response to the "Prayer for Relief" paragraphs of the Complaint, Defendant denies Plaintiff is entitled to the relief requested.

/ / /

/ / /

/ / /

/ / /

3

<u>AFFIRMATIVE DEFENSES</u>

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a first, separate and distinct affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

(White Collar Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA") under the highly compensated employee, administrative, professional, and executive exemption, pursuant to 29 U.S.C. section 213(a)(1).

THIRD AFFIRMATIVE DEFENSE

(Good Faith)

Defendant acted in good faith and had reasonable grounds for believing its conduct was in compliance with the FLSA, thereby precluding any award of liquidated damages, pursuant to 29 U.S.C. section 260 and Labor Code section 1194.2.

FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C. section 255 and Code of Civil Procedure sections 340(a) and 338(a).  Plaintiffs are limited to at most a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

FIFTH AFFIRMATIVE DEFENSE

(All Compensation Paid and *De Minimis* Time)

Plaintiffs' claims are barred because Plaintiffs have received all compensation to which they are entitled under the FLSA.  Defendant is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis.*

SIXTH AFFIRMATIVE DEFENSE

(Reliance on Administrative Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant adopted policies in conformity with and in reliance on written administrative interpretations issued pursuant to 29 U.S.C. section 259.

SEVENTH AFFIRMATIVE DEFENSE

(Non-Liability for Preliminary and/or Postliminary Activities)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a) and any applicable California Industrial Wage Order.

EIGHTH AFFIRMATIVE DEFENSE

(Restriction on Activities Compensable under Contract or Custom)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. section 254(b) through (c).

NINTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

TENTH AFFIRMATIVE DEFENSE

(Offset)

Defendant is entitled to offset and/or credit any compensation owed under the FLSA pursuant to 29 U.S.C. section 207(h) and California law by compensation paid in excess of the statutory minimums.  Any claim for overtime compensation must be offset by premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiffs, including a reduction for any compensation already paid to Plaintiff in excess of statutory minimums, under the FLSA.

5

ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

TWELFTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Collective Bargaining Grievance Procedures)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures.  To the extent Plaintiffs' claims address disputes within the scope of their memoranda of agreement (MOA), Plaintiffs must follow the grievance procedures of such agreements.

FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

FIFTEENTH AFFIRMATIVE DEFENSE

(Ratification)

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

SIXTEENTH AFFIRMATIVE DEFENSE

(Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

/ / /

6

25CV0275-H-JLB

EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Actual or Constructive Knowledge)

Defendant lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

NINETEENTH AFFIRMATIVE DEFENSE

(Did Not Permit or Authorize)

Defendant did not permit, or otherwise authorize the acts or omissions alleged in the Complaint.

TWENTIETH AFFIRMATIVE DEFENSE

(Uncertainty)

Plaintiffs' claims are barred because each cause of cause of action, as pled, is uncertain.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs lack standing to bring suit against Defendant for the claims alleged in the Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Not Similarly Situated)

This action is not appropriate for class or collective action treatment because the members of the proposed collective action are not similarly situated.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Commonality)

This action is not appropriate for class or collective action because the claims of the allegedly similarly situated employees lack commonality and will require individualized determinations.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

This action is not appropriate for class or collective action treatment because the

25CV0275-H-JLB

named Plaintiff in this action is not an adequate representative of those they purport to represent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Inappropriate for Class or Collective Action)

This action is not appropriate for class or collective action treatment because Plaintiff cannot satisfy the requirements for maintenance of such an action under the FLSA, or otherwise.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Basis for Class or Collective Action)

The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff, for periods of time which Plaintiff performed no work, including but not limited to vacation and/or sick/medical leave, or for periods of time during which Plaintiff was absent from the workplace, including during holidays and functions voluntarily attended.

WHEREFORE, Defendant prays as follows:

1. That the action be dismissed with prejudice;

2. That Plaintiff take nothing by this action;

3. That Defendant recovers its costs of suit incurred herein, including attorney's fees, and for other and further relief as the Court deems just and proper.

DATED: March 17, 2025                CLAUDIA G. SILVA, County Counsel

By   *s/ Robert A. Ortiz*
       ROBERT A. ORTIZ, Senior Deputy
Attorneys for Defendant County of San Diego
E-mail: Robert.Ortiz@sdcounty.ca.gov

8

25CV0275-H-JLB